IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CT-3007-BO

| | |
|---|---|
| LACY LEE WILLIAMS,[1] | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  **ORDER** |
| | ) |
| CENTRAL PRISON, et al., | ) |
| Defendants. | ) |

Lacy Lee Williams, a state inmate, filed this pro se 42 U.S.C. § 1983 action. Now before the court is defendants' motion for summary judgment and motion to amend or correct the motion. Plaintiff did not respond to the pending motions. Defendants' motion is based on plaintiff's failure to exhaust the prison's administrative remedies. As explained below, defendants' motion to amend is allowed, and defendants' motion for summary judgment is granted.

A. Allegations

Plaintiff alleges that on January 1, 2008, he was subjected to excessive force by several named defendants. On January 2, 2008, he claims he declared a medical emergency due to the force used by those defendants. He claims he then suffered deliberate indifference to his serious medical condition when the medical staff named as defendants failed to properly evaluate and treat his injuries.

B. Motion to Amend

Defendants seek to amend their pleadings to correct a misstatement and to add a copy of the

---

[1] Lacy Lee Williams has filed at least eleven separate civil rights suits in the Eastern District of North Carolina. He is now subject to 28 U.S.C. section 1915(g), Williams v. Sanders, No. 5:09-CT-3020-FL (J. Flanagan dismissed June 15, 2009), however, this case was allowed to survive frivolity and is presently before the court on a summary judgment motion filed by defendants.

North Carolina Administrative Remedy Procedure. A party may amend the party's pleading by leave of court, and leave shall be given when justice so requires. Fed. R. Civ. P. 15(a)(2).[2] Justice so requires and the amendment is allowed.

C.  Motion for Summary Judgment for Failure to Exhaust

Defendants raise the affirmative defense that plaintiff failed to exhaust administrative remedies before filing this action. The Prison Litigation Reform Act ("PLRA") states, "No action shall be brought with respect to prison conditions [under section 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford v. Ngo, 548 U.S. 81, 83–86 (2006); see also Jones v. Bock, 127 S. Ct. 910, 921 (2007) ("[F]ailure to exhaust is an affirmative defense under [42 U.S.C. § 1997e] . . . ."); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." Jones, 127 S. Ct. at 918–19 (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust his administrative remedies, regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001). The North Carolina Department of Correction has an administrative remedy procedure which governs the filing of grievances. See, e.g., Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished).

Plaintiff filed this action on January 18, 2008. In his complaint, plaintiff indicates that he had presented the facts relating to his complaint through the state inmate grievance procedure. On December 20, 2007, plaintiff submitted Grievance No. 2455. Within the grievance plaintiff

---

[2] A party may also amend after obtaining written consent from the opposing party. Fed. R. Civ. P. 15(a)(2). No such consent has been provided here.

2

complained that he was a pre-trial detainee and wanted to be housed in a regular medical infirmary. On March 3, 2008, plaintiff submitted grievance No. 7617. Within this grievance he complained that on January 28, 2008, he was receiving improper medical care for his diabetes. On April 9, 2008, plaintiff submitted grievance No. 8801. Within this grievance he complained of improper medical care for his "low sugar" on February 6, 2008.

At the time plaintiff filed suit, plaintiff had not fully exhausted his administrative remedies because he had not completed much less begun the grievance procedure for the claims now before this court. Filing suit before exhausting administrative remedies dooms the action. See, e.g., Ford v. Johnson, 362 F.3d 395, 398 (7th Cir. 2004) ("To prevent this subversion of efforts to resolve matters out of court, it is essential to keep the courthouse doors closed until [administrative procedures] have run their course."); Johnson v. Jones, 340 F.3d 624, 627–28 (8th Cir. 2003).

D. Conclusion

Accordingly, defendants' motion to amend is ALLOWED. Likewise, defendants' summary judgment motion for failure to exhaust administrative remedies is GRANTED, and the action is DISMISSED without prejudice.

SO ORDERED, this the __1__ day of September 2009.

TERRENCE W. BOYLE
United States District Judge